BAILEY, COLLECTOR, *v.* CLARK ET AL.

The term "capital," employed by a banker in the business of banking, in the one hundred and tenth section of the Revenue Act of July 13th, 1866, does not include moneys borrowed by him from time to time temporarily in the ordinary course of his business. It applies only to the property or moneys of the banker set apart from other uses and permanently invested in the business.

ERROR to the Circuit Court for the Southern District of New York; the case being thus:

The one hundred and tenth section of the Revenue Act

of the United States, as amended on the 13th of July, 1866,* enacts—

"That there shall be levied, collected, and paid a tax of one twenty-fourth of one per centum each month . . . upon the capital of any bank, association, company, or corporation, and on the capital employed by any person in the business of banking beyond the average amount invested in United States bonds."

And the seventy-ninth section of the same act as amended, declares—

"That every incorporated or other bank, and every person, firm, or company having a place of business where credits are opened by the deposit or collection of money or currency, subject to be paid or remitted upon draft, check, or order; or where money is advanced or loaned on stocks, bonds, bullion, bills of exchange or promissory notes; or where stocks, bonds, bullion, bills of exchange, or promissory notes are received for discount or for sale, shall be regarded as a bank or as a banker."†

During the years 1869 and 1870, Clark and others were bankers within the meaning of this statute, doing business in the city of New York, under the name of Clark, Dodge & Co.; and at various times between the 1st of April, 1869, and the 1st of February, 1870, they made returns, as required by law, to the assessor of internal revenue for the district, of the amount of their fixed capital employed in banking, and of the amount of moneys deposited with them by their customers. The assessor required more than this; he insisted, against the objection of Clark, Dodge & Co., that all moneys borrowed by them from time to time, and temporarily in the ordinary course of their business, formed a part of their capital employed in the business of banking, and were subject to the tax imposed upon capital, under the section cited. He accordingly assessed a tax upon the several amounts thus borrowed within the dates mentioned, as part of the capital of the company.

One Bailey was at the time collector of internal revenue

---

* 14 Stat. at Large, 136.            † Id. 115.

in the district, and as such officer enforced the payment of the taxes thus assessed, amounting to over six thousand dollars. Clark, Dodge & Co. protested at the time against the legality of the assessment, and appealed from the decision of the assessor to the Commissioner of Internal Revenue. Failing to obtain any rescission of the assessment or restitution of the moneys paid, they brought the present action for their recovery.

The action was tried by the court without the intervention of a jury, by stipulation of the parties, under the recent act of Congress. The court found the facts as above stated, but with greater detail, and held that the money thus temporarily borrowed by the plaintiffs in the ordinary course of their business was not capital of the company employed in the business of banking, and was not, therefore, liable to assessment as part of such capital; and that the assessment and collection of the tax was, therefore, illegal and unauthorized. The court accordingly gave judgment for the plaintiffs. To review that judgment, the case was brought here on writ of error.

*Mr. G. H. Williams, Attorney-General, and Mr. S. F. Phillips, Solicitor-General, for the collector, the appellant; Mr. J. E. Burrill, for the appellees.*

Mr. Justice FIELD, after stating the case, delivered the opinion of the court, as follows:

As appears from the statement of the case the only question for determination relates to the meaning to be given to the term *capital* in the one hundred and tenth section of the Revenue Act. The term is not there used in any technical sense, but in its natural and ordinary signification. And it is capital not merely of individuals, but of corporations and associations, which is subject to the tax in question. When used with respect to the property of a corporation or association the term has a settled meaning; it applies only to the property or means contributed by the stockholders as the fund or basis for the business or enterprise for which the

corporation or association was formed. As to them the term does not embrace temporary loans, though the moneys borrowed be directly appropriated in their business or undertakings. And when used with respect to the property of individuals in any particular business, the term has substantially the same import; it then means the property taken from other investments or uses and set apart for and invested in the special business, and in the increase, proceeds or earnings of which property beyond expenditures incurred in its use consist the profits made in the business. It does not, any more than when used with respect to corporations, embrace temporary loans made in the regular course of business. As very justly observed by the circuit judge, "It would not satisfy the demands of common honesty, if a man engaged in business of any kind, being asked the amount of capital employed in his business, should include in his reply all the sums which, in the conduct of his business, he had borrowed and had not yet repaid."

There is no difference in the business of banking as conducted by individuals from the business as conducted by corporations, which would warrant any different meaning to be given to the term capital in the two cases. Nor can any good reason be stated why a distinction should be made between banking corporations and individual bankers in this respect.

Independently of these considerations there would be great practical difficulty in administering the law upon the theory that moneys temporarily borrowed are to be treated as capital and taxable as such. The amounts borrowed from time to time must necessarily vary, and, if they are treated as additions to the capital, the aggregate amount of the capital must be constantly changing. It would, therefore, be necessary for the assessors of the government, in order to determine the capital to be taxed every month, to average the sums borrowed, and in adopting any such course they would be obliged to interpolate into the statute the word average, which was stricken out by the amendment of 1866.

We are satisfied that the term as used in the statute was

intended to embrace only the fixed capital employed in the business of banking, as distinguished from deposits and temporary loans made in the regular course of business, and that no distinction is to be made in this respect between the capital of individual bankers and that of banking corporations.

It is undoubtedly true, as stated by the Attorney-General, that capital used in the business of banking is none the less so because it is borrowed. The mere fact that the money permanently invested in the business is borrowed does not alter its character as capital. The question here is whether money not thus permanently invested, but borrowed temporarily in the ordinary course of business to meet an emergency, is capital; and we are clear that the term does not, either in common acceptation or within the meaning of the statute, embrace loans of that character.

After controversies had arisen as to the interpretation to be given to the statute, upon the question at issue in this case, between bankers and the government, Congress passed the act of 1872, defining the meaning of the terms " capital employed," in the one hundred and tenth section, and enacted that they " shall not include money borrowed or received from day to day in the usual course of business from any person not a partner of, or interested in, the said bank, association, or firm."* This enactment was evidently intended to remove any doubt previously existing as to the meaning of the statute and declare its true construction and meaning. Had it been intended to apply only to cases subsequently arising it would undoubtedly have so provided in terms.

JUDGMENT AFFIRMED.

* 17 Stat. at Large, 256.