(95 South. 451)

## STATE v. SEALS PIANO CO. (6 Div. 798.)

(Supreme Court of Alabama. Feb. 1, 1923.)

**I. Statutes** &#9866;245 — **Taxing statute strictly construed against taxing power, but plain language and intent of whole must be given effect.**

A taxing statute is to be strictly construed against the taxing power, but must be construed as a whole, every section and part upheld and given appropriate operation if practicable and reasonable, and the plain language and intent thereof given effect.

**2. Taxation** &#9866;74—**Outstanding leasehold contracts held taxable as "capital" actually employed in business; "solvent credits;" "capital actually employed in the business."**

Under General Revenue Act Sept. 15, 1919, § 2, declaring all solvent credits exempt from ad valorem taxation, and section 5, subd. "d," requiring that stocks of goods be assessed on the average amount on hand during the preceding year, but not less than "the capital actually employed in the business," a mercantile company's interests in outstanding leasehold contracts, being at once solvent credits and capital actually employed in the business, must be assessed to the extent necessary to supply the difference between the value of the average stock on hand during the preceding year and the capital actually employed in the business; "capital" meaning that part of the company's assets, including profits already earned, if reinvested, which is used by it in the conduct of its business for the purpose of deriving profit therefrom (quoting Words and Phrases, First Series, p. 954, and Second Series, p. 561, "Capital"), while the exemption is general and recourse to capital particular and exceptional, so that the maxim, "Generalibus specialia derogant," applies [quoting Words and Phrases, First and Second Series, "Capital."]

[Ed. Note.—For other definitions, see Words and Phrases, Solvent Credits.]

Appeal from Circuit Court, Jefferson County; J. Q. Smith, Judge.

Proceeding by the State to fix the value of property of the Seals Piano Company for taxation. From the judgment, the State appeals. Reversed and remanded.

Harwell G. Davis, Atty. Gen., for the State.

For the purpose of ascertaining the amount of capital actually employed in the business, it was necessary and proper for the tax adjuster to consider the value of all bills receivable—the lease sale contracts. 188 Ala. 401, 66 South. 1; 188 Ala. 487, 66 South. 169, L. R. A. 1915A, 185, Ann. Cas. 1916E, 752.

Tillman, Bradley & Baldwin, of Birmingham, for appellee.

Lease sale contracts are solvent credits. Solvent credits are exempt, and the tax adjuster has no authority to make an assessment thereon. 206 Ala. 575, 90 South. 896; 18 Ala. App. 249, 90 South. 895; Revenue Act 1919, § 2. A taxation statute is to be strictly construed against the state; the legislative intent is to be sought. 197 Ala. 407, 73 South. 5; 158 Ala. 191, 48 South. 510, 132 Am. St. Rep. 20; 142 Ala. 80, 39 South. 164; 10 Ala. App. 191, 64 South. 637; 196 Ala. 570, 72 South. 99; 166 Ala. 159, 51 South. 877; 69 Atl. 306. As defining the word "capital," counsel cite 37 Ga. 597; 1 Words & Phrases, First Series, 954; 8 N. Y. 241; 56 App. Div. 280, 67 N. Y. Supp. 893; (C. C.) 26 Fed. 70; and insist that the term does not include bills receivable, in the strict sense. 78 N. H. 54, 96 Atl. 296; 47 South. 530.

SAYRE, J. The act "to provide for the general revenue of the state of Alabama," approved September 15, 1919 (Gen. Acts, pp. 282-451), declares (section 2) that all solvent credits shall be exempt from ad valorem taxation. Defining the subjects of taxation, "except as exempted by existing laws," subdivision "d" of section 5 of the act says:

"All stocks of goods, wares and merchandise, the assessment to be on the average amount on hand during the preceding year, but the amount so assessed shall in no case be less than the capital actually employed in the business. * * *"

The Seals Piano Company is a partnership engaged in the business of selling musical instruments and owned at the time of the assessment in question bills receivable in the shape of lease-sale contracts, assessed at a large cash value, which was considered by the board of adjusters in fixing the value of the stock of merchandise for taxation. In the circuit court on appeal it was considered that the board of adjusters was in error in so estimating the assessable value of the company's stock of goods, and from the judgment rendered in accordance with that view the state has appealed.

[1] The paramount purpose is to ascertain the legislative intent and to that end cer-

&#9866;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tain elementary rules of construction are to be consulted: A taxing statute is to be strictly construed against the taxing power (State v. Roden Coal Co., 197 Ala. 407, 73 South. 5); but the statute must be construed as a whole, and every section and part should, if it be practicable and reasonable so to do, be upheld and given appropriate operation (State v. Western Union, 196 Ala. 570, 72 South. 99; Pritchard v. Fowler, 171 Ala. 662, 55 South. 147); the plain language and intent of the statute must be given effect (Mutual Life v. Allen, 166 Ala. 159, 51 South. 877).

[2] This court has held that, in general, the conditional vendor's interest in property sold is a special property, which, if not exempted by law, is taxable at the value of the purchase-money debt regarded as a solvent credit (State v. White Furniture Co., 206 Ala. 575, 90 South. 896) and that when the title to some substantial interest in property is vested in one person, and the general title in another, the interests are taxable separately (Ashe-Carson Co. v. State, 138 Ala. 108, 35 South. 38). The act is entirely clear to the effect that no stock of goods, wares, and merchandise is to be assessed for taxation at less than the capital actually employed in the business. The competency of the Legislature so to provide is conceded. The question at issue then is whether the interest of the Seals Piano Company in the outstanding leasehold contracts is a part of the capital actually employed in the business of the company and is exempted by section 2 of the act. We do not understand that the amount of capital assessed to appellee included anticipated profits. Capital actually employed cannot be limited to the fund or property originally contributed, invested, as a financial basis for the business to be prosecuted, for the plain purpose of the statute is to tax property from year to year, as required by the Constitution, in accordance with its value at each recurring period of assessment. It is not to be doubted on any reasonable ground that "capital" is here used to designate that part of the assets of the company, including profits already earned (if reinvested), which, at the period of assessment, is used by it in the conduct of its business for the purpose of deriving profit therefrom. 1 Words and Phrases, First Series, p. 954, sub. cap. Capital; 1 Words and Phrases, Second Series, p. 561, sub. cap. Capital. Nor do we doubt that the company's interest in outstanding lease-sale contracts at the time of the assessment under review was capital within the purview of section 5, supra. Being at once solvent credit and capital actually employed in business, it appears from the plain language of the revenue act that, while not in general taxable as solvent credit, in the particular circumstances indicated by subsec-

tion "d" of section 5 the value of such outstanding interest must be assessed for taxation, in effect, to the extent necessary to supply the difference, if any, between the value of the average stock of goods, wares, and merchandise on hand during the preceding year and the capital actually employed in the business. Any other conclusion would operate practically to eliminate from the statute, quoted above, the provision as to capital actually employed in the business. Moreover, the exemption is general; the recourse to capital is particular and exceptional. The maxim applies, "Generalibus specialia derogant." City of Montgomery v. Wyche, 169 Ala. 181, 53 South. 786; McFountain v. State ex rel. Russell, 203 Ala. 329, 83 South. 53; Holloway v. Henderson Lumber Co., 203 Ala. 246, 82 South. 344; 28 C. J. 612.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE, GARDNER, THOMAS, and MILLER, JJ., concur.

McCLELLAN, J., concurs specially.

McCLELLAN, J. (concurring). The record here is quite meager. It appears, however, that the assessment in question is of the stock of goods, wares, and merchandise under subdivision "d" of section 5 of the Revenue Act of 1919 (Gen. Acts 1919, p. 285), reproduced in the opinion ante. The circuit court, trying the cause de novo on appeal, declared in its judgment "that bills receivable are not to be considered in fixing the value of the stock of merchandise"; so upon the theory, evidently, that, since "solvent credits" (represented by the bills receivable described in this record) were exempt from ad valorem taxation by section 2 of the Revenue Act of 1919, recourse to such "bills receivable" could not be had in order to ascertain the minimum valuation for assessment of the stock of goods, etc., which subdivision "d," noted ante, prescribes should not be "less than the capital employed in the business." This proceeding—to assess the stock of goods, wares, and merchandise in a value not less than the capital actually employed—does not intend or effect the assessment for taxation of exempt "solvent credits." "Bills receivable," as described in this record, may be accepted as within the category of exempt "solvent credits"; but that concession does not conclude to the denial of the service such "bills receivable" may afford, as evidence only, to determine the elements or items of stock of goods, wares, and merchandise subject to assessment and taxation, nor forbid the consideration of such "bills receivable," as evidence only, in ascertaining and determining this subordinate inquiry of fact, viz. whether the value of the stock of goods, wares, and merchandise is "not less than the capital actually

employed in the business." Definitions of "capital actually employed" in a business are readily accessible; some of them being noted on the brief for appellee. See, also, Bailey v. Clark, 21 Wall. 284, 22 L. Ed. 651. The trial court, in the particular indicated, did not conform to this view in attaining its conclusion. I therefore concur in the reversal of the judgment and in the remandment of the cause.