183 So. 650

## CONSOLIDATED COAL CO. v. STATE.

### 3 Div. 248.

Supreme Court of Alabama.

June 30, 1938.

Rehearing Denied Oct. 6, 1938.

Coleman, Spain, Stewart & Davies and J. S. Mead, all of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., and Walter J. Knabe, Asst. Atty. Gen., for appellee.

BOULDIN, Justice.

■ The franchise tax upon foreign corporations authorized by Section 232 of the Constitution of Alabama "based on the actual amount of capital employed in this state," and levied by the General Revenue Law of 1935 (Acts of 1935, p. 387, Sec. 318) upon foreign corporations "doing business in this State," is an excise tax for the privilege of exercising corporate functions in Alabama, measured by the actual amount of capital employed in Alabama in the exercise of such corporate functions, capital employed in a business for which the corporation was created and has its existence as a corporate entity.

■ It is not the qualifying fee, or fee for an annual permit, paid as a condition to its right to do business in Alabama. This is a distinct charge under the provisions of Section 315, page 385, of the Revenue Act of 1935. Neither is it the license or privilege tax imposed for the

doing of a specified business, payable alike by persons or corporation. Section 329, page 392, Revenue Act of 1935.

This franchise tax on foreign corporations is not a property tax, nor a tax on the privilege of owning property in Alabama, without more. The values of property in Alabama may become material in ascertaining the amount of capital employed in Alabama; capital employed in the corporate business in Alabama conducted for gain or profit in the exercise of its corporate functions. The extent of corporate business, whether profitable or unprofitable, is immaterial. Is the corporation engaged in business in Alabama an intra-state business, exercising its corporate functions? If so, it is liable for a franchise tax.

The amount of the tax is $2 per $1,000 on the actual amount of capital employed in the corporate business in Alabama.

■ If a foreign corporation has qualified to do business in Alabama, this is prima facie evidence that it is doing business and subject to a franchise tax. Section 318, p. 388, Revenue Act of 1935.

The foregoing statement of the nature and measure of the franchise tax on foreign corporations is but a summation of many decisions of this court, several quite recently considered dealing elaborately with the application to differing states of fact. State v. Pullman-Standard Car Mfg. Co., 235 Ala. 493, 179 So. 541; State v. Southern Natural Gas Corporation, 233 Ala. 81, 170 So. 178; Southern Natural Gas Corporation v. State of Alabama, 301 U.S. 148, 57 S.Ct. 696, 81 L.Ed. 970; Wisconsin Coosa Co. v. State, 231 Ala. 543, 165 So. 838; State v. National Cash Credit Ass'n, 224 Ala. 629, 141 So. 541; Investors' Syndicate v. State, 227 Ala. 216, 149 So. 83; State v. Anglo-Chilean Nitrate Sales Corporation, 225 Ala. 141, 142 So. 87; Ellis v. Handley Mfg. Co., 214 Ala. 539, 108 So. 343; State et al. v. Burchfield Bros., 211 Ala. 30, 99 So. 198.

Appellant, Consolidated Coal Company, is a Delaware Corporation, organized in 1927 for the purpose of mining and marketing coal, with specified powers in the prosecution of such business, which, for present purposes, includes the power to own coal properties, operate mines, and to lease their coal lands and mining equipment, for operation on a royalty basis.

In 1927 this corporation, after qualifying to do business in Alabama, purchased a large tract of coal lands, with miners' villages, machinery and appurtenances thereon, in Walker County, Alabama.

For the calendar year, 1936, the company made return to the Tax Commission of "Real Estate, Plant and Equipment, etc.," "Assets segregated to Alabama," "$1,081,804.74."

This return disclaimed liability for a franchise tax on the ground that it has not engaged in business in Alabama during the tax year; that it had leased its properties in Alabama until December 1, 1940, to Cane Creek Coal Mining Co., which does business in Alabama and has paid an Alabama franchise tax for the tax year. The Tax Commission assessed a franchise tax against appellant for $2,163.60, based on value of Alabama assets above shown.

On appeal, the cause was tried in the court below on an agreed statement of facts.

From a judgment sustaining the assessment by the State Tax Commission this appeal is prosecuted.

The agreed statement of facts disclosed a lease of these mining properties to Cane Creek Coal Mining Co., on a royalty basis, with differentials as to coal mined with the aid of the lessor's mining equipment.

Mining operations are conducted wholly by the lessee, also a foreign corporation. With much detail the statement of facts shows a careful avoidance of any corporate business or activity in Alabama by the parent company; and that the lessee, a distinct corporate entity qualified to do business in Alabama, and paying a franchise tax to the State, conducts all corporate business in Alabama even to the keeping of books for the lessor, by one of the lessee's employees, showing the state of accounts between lessor and lessee, as well as the lessor's expenditures for taxes and insurance on its properties, the record of its mortgage indebtedness, and the record of its capital assets and capital stock. This bookkeeping consumes about one-half day each month. The bookkeeper is given no extra pay, receives his wages from his employer, the lessee. We refer to this, not that this bookkeeping constitutes doing business by the lessor within the meaning of the franchise tax law, but as disclosing the business relationship between the two corporations.

But, the lessee corporation is purely a subsidiary of the lessor corporation. The

lessor owns all the stock of the lessee. They have the same directorate and officers. The common president of both corporations is the manager of the corporate enterprise, acting in his capacity of president of the subsidiary.

A controlling fact in this case is that these corporate properties were employed in the corporate enterprise, the mining and marketing of coal, the corporate business for which both corporations exist.

The lessee corporation, as disclosed by the agreed facts, did not include these properties as capital employed by it. Had it done so admittedly the ultimate burden of the tax would fall on the parent corporation, the owner of the stock of the subsidiary.

■ Our cases fully recognize there is no public policy in Alabama opposed to subsidiary corporations, and recognize the right to set up operating subsidiaries to do business as distinct corporate entities so long as such corporate set up is not made to operate hurtfully to the state or to third persons. As regards these franchise taxes, we have recognized the right to such corporate set up, lawfully authorized, as will minimize taxes. State v. Pullman-Standard Car Mfg. Co., supra; State v. National Cash Credit Ass'n, supra.

In the Pullman Case, supra, a holding company had set up an Alabama subsidiary which had paid a franchise tax on its capital stock. The case involved a franchise tax on a foreign corporation, a subsidiary of the holding company, operating the Alabama business as lessee. The case worked out the capital employed by the lessee as a basis for its franchise tax.

The same case, however, fully recognized the principle that the corporate set up cannot be made to evade franchise taxes within the spirit and purpose of the law.

In the Cash Credit Case there were two Alabama subsidiaries. They had paid franchise taxes on capital stock representing the same capital the State sought to retax as against the foreign corporation. The case is grounded on the obvious justice of denying a double franchise tax based on the same capital.

In Wisconsin Coosa Co. v. State, supra, we held that despite the relation between a foreign corporation as lessor and an Alabama corporation, as lessee, operations being conducted in Alabama by and through the lessee, the foreign corporation was, under the facts of the case, engaged in the exercise of charter power and the doing of business in this State within the meaning of the franchise tax law. That case had much in common with the instant case.

■ We plant our decision, however, on the fact that this Alabama property was employed in a corporate enterprise by a foreign corporate set up, and the State is entitled to a franchise tax based on the capital so employed, and such tax cannot be evaded by conducting the business wholly in the name of the foreign subsidiary, as lessee.

To permit two foreign corporations, one the beneficiary of all corporate activity, the other its subsidiary agency for operating purposes, to employ capital in their corporate enterprise in this State, and neither pay a franchise tax on the capital so employed is to evade the franchise tax law.

There should be no double franchise tax based on the same employed capital. If any portion thereof be allocated to the franchise tax of the subsidiary, there should be a proportionate reduction in the franchise tax of the parent corporation. But where, as here, the subsidiary, acting through a common management, pays no franchise tax based on the capital so employed, the parent company is properly chargeable with such franchise tax. As before observed, the burden of the tax in this set up, whether assessed against the one or the other, would ultimately fall on the parent company.

We, therefore, find no error in the judgment of the trial court.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.

## On Rehearing.

BOULDIN, Justice.

■ Appellant raises a federal question, namely, that the imposition of this tax deprives the appellant of property without due process of law, in violation of the Fourteenth Amendment to the Constitution of the United States, U.S.C.A.Const. Amend. 14.

Upon consideration we hold the tax was lawfully imposed, and there is no

deprivation of property without due process of law.

Opinion extended and application for rehearing overruled.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.