1 So.2d 387

## HOLLINGSWORTH & WHITNEY CO. v. STATE.

### 3 Div. 334.

Supreme Court of Alabama.

March 27, 1941.

Pillans, Cowley & Gresham, of Mobile, for appellant.

Thos. S. Lawson, Atty. Gen., and John W. Lapsley and J. Edw. Thornton, Asst. Attys. Gen., for the State.

FOSTER, Justice.

The question now to be determined is whether the amount of the franchise tax on a foreign corporation qualified to do business in Alabama should be computed on the value of certain items to which reference will be made.

The charter of the corporation specified that its purposes are to manufacture "paper pulp and paper bags and the purchase and sale of paper, paper bags, twine, paper stock, chemicals and such other merchandise as is usually bought and sold in connection with the paper trade."

The taxpayer proposed to erect and operate a large paper mill in Alabama, and began to do so by the acquisition of real estate on which it began the construction of a plant useful, and to be used by it, for the proposed purpose. This work extended throughout 1939, and was not completed at the end of the year. The claim by the State is a franchise tax for the year 1939. The taxpayer qualified to do business in Alabama on May 11, 1938.

There were dwellings and other buildings on the land when it was acquired Many were demolished and some remained and were rented. These were included as a part of the capital employed, as to which there is no controversy. There were other buildings and appliances used by the taxpayer in and about the construction work.

It is also contended that their value and also the amount which had been expended at the end of 1939, in the construction of the plant and in its various aspects and in appliances used in that connection, do not represent amounts of capital of the taxpayer employed in this State under section 232, Constitution; General Revenue Act of 1935, General Acts 1935, page 387, section 318.

It is apparently conceded that the taxpayer does not have charter power nor that it is a corporate function to engage in the construction business, nor the real estate business, and that this plant is not constructed as an investment merely. It is conceded that when it is completed, it was and is to be used by the taxpayer for the operation of a manufacturing plant, and that the amount of the cost of the construction of the plant will be a part of its capital employed in such operations.

It is contended that though it has the power to purchase the site and erect the plant, its capital is not "employed" by so doing until it begins the conduct of some operating business in which such facilities will be used.

It is said that this feature of section 232, Constitution, and the Act of 1935, supra, do not include in the tax base the cost of construction in the exercise of corporate powers, except as they are associated with the exercise of some corporate function.

The franchise tax feature of section 232, Constitution, was not in the Constitution of 1875. Both the Constitutions of 1901 and 1875, however in the same language, prohibited a foreign corporation from doing any business in this State without complying with certain conditions. That feature of them uses this language: "No foreign corporation shall do any business in this State," etc. The franchise tax is not a condition or qualification to "doing business."

We have often noted that this tax is an excise for the privilege of doing business in Alabama. And in Investors' Syndicate v. State, 227 Ala. 216, 149 So. 83, 85, it is thus expressed: "The franchise tax is for the privilege of exercising corporate functions." This is repeated in Southern Natural Gas Corp. v. State of Alabama, 233 Ala. 81, 170 So. 178, where emphasis is placed on the fact that the privilege is the subject of taxation, not the business itself. It was so treated in Ala-

bama v. Southern Natural Gas Corp., 301 U.S. 148, 57 S.Ct. 696, 81 L.Ed. 970 and in our cases of State v. Pullman-Standard Car M'f'g. Co., 235 Ala. 493, 497, 197 So. 541, 117 A.L.R. 498; Consolidated Coal Co. v. State, 236 Ala. 489, 183 So. 650, 651. In this last case, the Act of 1935, Acts 1935, page 387, section 318, is cited to show that the tax is levied "upon foreign corporations [which are] 'doing business in this State,'" and "is an excise tax for the privilege of exercising corporate functions in Alabama."

The Act of 1935, supra, also provides that "if a corporation has qualified to do business in this State it shall for the purpose of franchise tax prima facie be held to be doing business in the State of Alabama within the meaning of this Act."

The agreed facts show that the taxpayer has certain dwelling houses on its land where the plant is being constructed, which it has rented out and that it has the proceeds of such rents collected in hand, and that those dwellings and the funds so collected should be treated "as capital employed in doing business in Alabama, and they are so set up in said balance sheet."

We think that this status shows a doing of business in Alabama, by the taxpayer, so as to subject it to a franchise tax. Compare Higgins v. Com'r of Internal Revenue, 61 S.Ct. 475, 85 L.Ed. 783; Flint v. Tracy Co., 220 U.S. 107, 171, 31 S.Ct. 342, 357, 55 L.Ed. 389, Ann.Cas. 1912B, 1312. In passing on the question of whether it is so doing, having qualified in Alabama, the court will not make any fine distinctions between corporate powers and corporate functions. Doing any sort of authorized business in this State by a qualified foreign corporation is sufficient to subject it to the franchise tax on its capital employed in Alabama.

We come then to the second feature of the law. The tax base is capital of the corporation employed in Alabama. The Constitutional Convention did not seem to wish to limit the franchise tax to such capital only as was employed in doing business. There is no limitation in it as to the manner in which capital shall be employed to be within the tax base. It is different in material respects from the requirement that it shall qualify before doing business in Alabama.

The purpose of that requirement is to make the foreign corporation subject to judicial process in Alabama, if it does busi-

ness here. New England Mortgage Security Co. v. Ingram, 91 Ala. 337, 339, 9 So. 140. To be subject to this requirement, it must do some act of business which it was created to do. So that it has been held that this means an act "within its general powers and franchises," not including merely the acquisition, holding or disposal of real or personal property here situated, or doing acts which are merely preliminary to the transaction of the business for which it is organized. Friedlander Bros. v. Deal, 218 Ala. 245, 118 So. 508, 510.

But when the foreign corporation is doing business in Alabama, then the franchise tax for the privilege of exercising any and all its powers and functions is based on the amount of its capital employed in any way in Alabama, whether in and as a part of its business or not. Employment, however, is not the same as investment, or ownership of property. Consolidated Coal Co. v. State, supra.

The privilege is one thing, and the base for the tax upon the exercise of that privilege is another thing. Given an exercise of the privilege to do business, the tax base includes capital in any sort of employment whether a feature of the business or not.

Here it is conceded that the taxpayer was doing business in Alabama so as to be subject to a franchise tax for the year 1939. The use of capital in the construction of a plant to make ready to carry on its main business is an employment of capital in Alabama. It is not intended as an investment as conceded. It is more than mere ownership. The use of capital in the construction of the plant and facilities is one continuous process, both before and after it is completed and put into operation. It is employed all the while.

We agree with the trial court that the several items here in dispute do represent capital employed in this State during 1939, by this appellant, and were properly included in the tax base.

Affirmed.

GARDNER, C. J., and THOMAS and BOULDIN, JJ., concur.