8 So.2d 573

**STATE v. JACKSON SECURITIES & INV. CO.**

**6 Div. 16.**

Supreme Court of Alabama.

June 11, 1942.

Thos. S. Lawson, Atty. Gen., and John W. Lapsley and J. Edw. Thornton, Asst. Attys. Gen., for appellant.

84

Mead & Moebes, of Birmingham, for appellee.

LIVINGSTON, Justice.

The principal question involved in this case is, What is the basis for determining the amount of capital actually employed within the State by a foreign corporation, in fixing the assessment for the franchise tax authorized by section 232 of the Constitution of Alabama?

The State insists that the amount of money, or the amount represented in money employed to acquire the property, represents the amount of capital employed so long as the property is retained by the corporation; and, further, that no sufficient machinery is provided for making the assessment on any other basis.

The tax imposed is provided for by section 232 of the Constitution of 1901, as follows: "The legislature shall, by general law, provide for the payment to the State of Alabama of a franchise tax by such corporation, but such franchise tax shall be based on the actual amount of capital employed in this state."

In conformity to the mandate of the Constitution, the Legislature enacted what is now Title 51, section 348, Code of 1940, which provides, in part, as follows: "Every corporation organized under the laws of any other state, nation or territory and doing business in this state, except strictly benevolent, educational or religious corporations, shall pay annually to the state an annual franchise tax of two dollars on each one thousand dollars of the actual amount of capital employed in this state."

The nature and measure of the franchise tax on foreign corporations is fully discussed in Consolidated Coal Co. v. State, 236 Ala. 489, 183 So. 650, and needs no repetition here.

Title 51, section 114 et seq., Code of 1940, created the State Department of Revenue and set forth its powers and duties. Section 131, Title 51 (and which, in all respects here material is the same as section 93 of the Revenue Act of 1935, Acts 1935, page 299), is, in part, as follows: "It shall be the duty of the department of revenue, and it shall have the power and authority, in addition to the authority now in it vested by law. (a) To have and exercise general and complete supervision and control of the valuation, equalization and assessment of property, privilege, or franchise, and of the collection of all property, privilege, license, excise, intangible, franchise or other taxes, for the state and counties, and of the en-

forcement of the tax laws of the state, and of the several county tax assessors, and county tax collectors, probate judges, and each and every state and county official, board or commission charged with any duty in the enforcement of tax laws, to the end that all taxable property in the state shall be assessed and taxes shall be imposed and collected thereon in compliance with the law, and that all assessments on property, privileges, intangible, and franchises in the state *shall be made in exact proportion to the fair and reasonable market value thereof in substantial compliance with the law."* (Italics ours.)

It is to be noted that subsections (g) and (h) of section 131, supra, confer upon the Department of Revenue the power and authority to inquire into the value of property, and in this connection to summon witnesses to appear and give testimony before it.

This Court in the case of Lee v. State Tax Commission, 219 Ala. 513, 123 So. 6, 11, said: "We have observed that the state tax commission [now the Department of Revenue] has full power to determine, to its 'satisfaction,' the value of the shares of stock as a condition precedent to registration and the amount of excise tax to be exacted and paid. It is provided and required in Acts 1923, p. 185, § 67, that all assessments on property, privileges, and franchises in the state shall be made in exact proportion to the fair and reasonable market value thereof in substantial requirements of law. This presupposes investigation and determination of that reasonable and fair market value to the 'satisfaction' of the state tax commission."

In the case of State v. Seals Piano Co., 209 Ala. 93, 95 So. 451, 452, in defining "capital actually employed," the Court said: "Capital actually employed cannot be limited to the fund or property originally contributed, invested, as a financial basis for the business to be prosecuted, for the plain purpose of the statute is to tax property from year to year, as required by the Constitution, in accordance with its value at each recurring period of assessment. It is not to be doubted on any reasonable ground that 'capital' is here used to designate that part of the assets of the company, including profits already earned (if reinvested), which, at the period of assessment, is used by it in the conduct of its business for the purpose of deriving profit therefrom."

It is true that an ad valorem tax was involved in the case of State v. Seals Piano Co., supra, but in the case of State v. Pullman-Standard Car Mfg. Co., 235 Ala. 493, 179 So. 541, 547, 117 A.L.R. 498, a foreign corporation franchise tax was directly involved, and this Court said: " 'Capital actually employed cannot be limited to the fund or property originally contributed, invested, as a financial basis for the business to be prosecuted.' State v. Seals Piano Co., 209 Ala. 93, 95 So. 451, 452."

We also quote from the opinion in the case of Consolidated Coal Co. v. State, supra [236 Ala. 489, 183 So. 651]: "This franchise tax on foreign corporations is not a property tax, nor a tax on the privilege of owning property in Alabama, without more. The values of property in Alabama may become material in ascertaining the amount of capital employed in Alabama."

■ Under the Constitution, statutes and former decisions of this Court, it is manifest that the fair and reasonable market value, as distinguished from the original purchase price of the property, as here contended by the State, must form the basis for the imposition of the foreign corporation franchise tax. In our opinion, ample machinery for that purpose has been provided by the legislature.

■ The State contends that the trial court committed error to reverse in excluding the testimony of the Commissioner of Revenue for the State of Alabama as to the manner in which the Department of Revenue has administered the tax laws with respect to foreign corporation franchises. The testimony was offered on the theory that the administrative practice would aid the court in the proper construction of the statutes involved.

It was not error to exclude the proof. The statutes are not of doubtful meaning, and when this is so, there is no reason for the admission of testimony of this character. Stewart v. Wilson Printing Co., 210 Ala. 624, 99 So. 92; State v. Inman, 239 Ala. 348, 195 So. 448.

There is no error in the record and the cause is due to be, and is affirmed.

Affirmed.

All the Justices concur, except KNIGHT, J., not sitting.