*138 So.2d 693*

**STATE of Alabama**

**v.**

**P. R. MALLORY (HUNTSVILLE), INC.**

**8 Div. 38.**

Supreme Court of Alabama.

Nov. 2, 1961.

Rehearing Denied March 29, 1962.

MacDonald Gallion, Atty. Gen., Guy Sparks, Sp. Asst. Atty. Gen., and Herbert I. Burson, Jr., Asst. Atty. Gen., for the State.

Bell, Morring, Richardson & Cleary, Huntsville, for appellee.

SIMPSON, Justice.

This is an appeal by the State of Alabama, from a final decree of the Madison Circuit Court, in Equity, wherein an assessment by appellant against appellee for franchise tax for the year 1956 was reduced by that court on appeal by appellee.

Appellee is a foreign corporation organized under the laws of the State of Delaware, doing business in Huntsville, Alabama. Every foreign corporation doing business in this state must pay annually to the state a franchise tax of $2.50 on each $1,000 of the actual amount of capital em-

ployed in this state. Section 348, Title 51, Code 1940.

The appellant, through its department of revenue, appraised the value of capital employed by appellee in Alabama to be $2,419,977, and on that basis assessed a franchise tax of $6,049.94. On appeal from this assessment, the Circuit Court decreed that the sum of $2,419,977 should be reduced to the sum of $1,378,025.44 as the value of capital employed by appellee in Alabama; that appellant had erroneously and contrary to law included $1,041,951.56 ($166,110.04 building account, and $875,841.52 for machinery, equipment, fixtures, and trailer) in the determination of the value of capital employed in Alabama. On this new base of capital employed in Alabama by appellee, the franchise tax was reduced by the court from the sum of $6,049.94 to the sum of $3,445.07.

The evidence was heard before the court ore tenus.

Appellant's assignments of error challenged the correctness of the foregoing ruling.

■ The franchise tax upon foreign corporations authorized to do business in this state is based on the actual amount of capital employed in Alabama in the exercise of such corporate functions. Alabama Textile Products Corp. v. State, 263 Ala. 533, 83 So. 2d 42; State v. Aluminum Ore Co., 263 Ala. 422, 83 So.2d 800; State v. Travelers Insurance Co., 256 Ala. 61, 53 So.2d 745; Constitution 1901, § 232; Title 51, § 348, Code 1940.

Appellee commenced operations with a new building and special equipment in 1955. The tax was levied as of January 1, 1956. The contention of appellee corporation is that the special construction techniques and manufacturing processes made necessary the unique machinery and equipment within the Huntsville plant, and there was no market value for said assets, except for resale as scrap. An impartial view of the evi-

dence, we think, reasonably supports this contention.

The governing principle of law is that all assets which have an actual or legal situs in Alabama and which are employed by the foreign corporation in Alabama in the exercise of any business whatsoever are the determining factors or measure of the tax. State v. Travelers Insurance Co., supra.

The evidence showed that the building had a book value of $646,028.70. The total square feet of the building was 67,866. Appellee contended that six specially designed and constructed rooms within the building comprised a total of 14,255 square feet, which was 20% of the total area; yet, the cost of construction was 35% of the total cost, or $166,110.04. This amount was the sum excluded by the court from the building account. To repeat, appellee contended the special construction and design of the rooms prohibited them from possessing a current market value. The account for machinery, equipment, fixtures, and trailer was $875,841.52, which was excluded from the valuation of the capital employed in Alabama. Appellee contended, and its evidence showed, that these items were of special purpose and design and without a current market value, except for scrap, and the valuation would be around 10% of its book value.

The use of capital in the construction of the plant and facilities to carry on its business is one continuous process, both before and after it is completed and put into operation. Hollingsworth & Whitney Co. v. State, 241 Ala. 96, 1 So.2d 387. Therefore, we do agree that the several items here in dispute do represent, in the aggregate, capital employed in this state by appellee, and were properly included in the tax base.

The only question presented on this appeal is the matter of valuation of the capital employed in Alabama by appellee corporation.

True also, the burden was upon the tax payer on appeal in the Circuit Court to show that the assessment made by the Department of Revenue was incorrect, the assessment being presumptively correct. Title 51, § 140, Code 1940. But we are not at all persuaded the conclusion of the trial court on the issue was palpably wrong.

As stated, the reasonable and fair market value of the assets of the corporation is the base upon which the franchise tax is to be measured. State v. Jackson Securities & Investment Co., 243 Ala. 83, 8 So.2d 573; Dowling v. Texas Co., 248 Ala. 96, 26 So.2d 590; Alabama Textile Products Corp. v. State, supra. Section 1, Title 51, Code 1940 defines "value" as the fair and reasonable market value of the taxable property, and shall be estimated at the price at which the property would bring at a fair voluntary sale.

The term "market value" indicates a price established by a market where the item is dealt with by a multitude of persons, and in a number of transactions, as to standardize the price. Evidence of all factors of value is admissible to show the fair and reasonable market value of property which is not traded in a volume to give it a market value in the primary sense of the word. State Department of Revenue v. Birmingham Realty Co., 255 Ala. 269, 50 So. 2d 760.

There must be a demand for the item and an ability to sell the same when it is desired to have a market value at a time when and a place where. Where there is no market at the time and place for such property, other elements are to be taken into consideration, such as the original cost, the costs of the buildings or improvements, rents, and the adaptability for future use and enjoyment, and the opinion of witnesses in a position to have a correct judgment as to the value. De Moville v. Merchants & Farmers Bank, 233 Ala. 204, 170 So. 756.

The aggregate value of the items of property owned by appellee and located in

Alabama would be the actual amount of capital employed in Alabama. So it must be kept in mind that the franchise tax is not upon the several items which entered into the computation. It is upon the privilege of exercising its corporate functions in Alabama, measured by the total amount of capital employed in Alabama. State v. Pullman-Standard Car Mfg. Co., 235 Ala. 493 (22), 179 So. 541, 117 A.L.R. 498. As indicated in Louisville & Nashville Railroad Co. v. State, 201 Ala. 317, 78 So. 93, in estimating the value of capital employed in this state, the amount is dependent and proportionate on the value of the property situated within this state.

A material part of the case was the proof relating to the value of the specific items of property of appellee. Evidence presented indicated that at the time of the tax levy there was no market for said property. Thereupon, many secondary elements upon which to base the market value were presented to the court. Many of them were related to those mentioned in De Moville v. Merchants & Farmers Bank, supra.

We have often considered and applied the rule of presumption with its exceptions as argued by both parties, when the evidence is heard ore tenus before the trail court. This case, to our minds, is a typical example of where the rule should have governing application. So in conclusion, let it suffice to say that the evidence has been given a careful appraisal, with due regard to the nature of appellee's manufacturing operations, and we are not convinced that the ruling below was plainly and palpably wrong when it rendered its decree reducing the final assessment made by the Department of Revenue.

So considered, the decree should be affirmed. So ordered.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.