(101 App. Div. 205)

PEOPLE ex rel. EDISON LIGHT & POWER INSTALLATION CO. v. KELSEY, State Comptroller.

(Supreme Court, Appellate Division, Third Department. January 4, 1905.)

1. TAXATION—FOREIGN CORPORATIONS—LOCAL INVESTMENT.
    A foreign corporation, whose entire paid-up capital stock is merely invested in the stock of a local corporation doing business within the state, is not subject to taxation in the state.

Certiorari, on the relation of the Edison Light & Power Installation Company, against Otto Kelsey, Comptroller of the state of New York, to review a statement of relator's taxable property. Reversed.

The relator is a foreign corporation, organized under the laws of the state of New Jersey. By the record it appears that it has an authorized capital stock of $3,000,000. Of this, $1,216,400 is paid up. All of this stock is invested in the stock of the Empire City Subway Company, a domestic corpora-

---

¶ 1. See Taxation, vol. 45, Cent. Dig. §§ 217, 286, 290.

tion organized and doing business within the state of New York. The Comptroller has stated a license tax of $920.50, under section 181 of the tax law, and a tax of $2,098.29, under section 182 of the tax law, for the year ending October 31, 1903. Upon application for a resettlement and rehearing, the Comptroller declined to modify the statement of tax. To review this determination, this writ of certiorari has been issued.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Beardsley & Hemmens, for relator.

John Cunneen, Atty. Gen., and William H. Wood, for respondent.

SMITH, J. In People v. American Bell Telephone Co., 117 N. Y. 242, 22 N. E. 1057, the court held that a Massachusetts corporation, with capital invested in stocks in a domestic corporation, was in no sense doing business within this state, and therefore could not be taxed under the laws of the state. In People ex rel. E. E. L. Company v. Campbell, 138 N. Y. 543, 34 N. E. 370, 20 L. R. A. 453, the question arose as to the right to tax the stock of a domestic corporation, which was invested in the stocks of other corporations organized in the state. Earl, J., writing for the court, says:

"The case of People v. American Bell Telephone Company, 117 N. Y. 241, 22 N. E. 1057, is not an authority for the Comptroller in this case. In that case the defendant, a foreign corporation, held stocks in various companies in this state, and it was held that it could not be taxed under the act of 1880 on account of the investment of a portion of its capital in such companies, for the reason that it was not doing business in this state. Before a foreign corporation can be taxed under that act in this state, it must not only employ a portion of its capital in this state, but it must also be engaged in business here. People ex rel. American Construction & Dredging Co. v. Wemple, 129 N. Y. 558, 29 N. E. 812. As to a domestic corporation, it is sufficient to subject it to taxation under the act that its capital was employed within the state, and it is employed where it is kept and used for the purposes of the corporation."

We are referred to no case within the state which in any way questions the rule of law laid down in the cases cited. All the assets of relator are invested in the stock of a domestic corporation, the Empire City Subway Company, and the sole income of the relator is the dividend that it receives upon that stock. I am unable to distinguish this case from the rule laid down in the cases cited. The Attorney General, in support of the Comptroller's decision, simply refer to the case of People ex rel. Commercial Cable Company v. Morgan, reported in 178 N. Y. 433, 70 N. E. 967. That case, however, was a case of a domestic corporation, and comes directly within the rule stated in People ex rel. E. E. L. Co. v. Campbell, cited above. It does not in any way impair the rule as laid down in the case of People v. American Bell Telephone Company. It appeared in the evidence that the stock of the relator company was owned by the New York Edison Company, a New York corporation. This may be a material fact in the assessment of the franchise of the New York Edison Company, but such ownership of relator's stock cannot alter the rule of law applicable to foreign corporations owning stock in a corporation organized under the laws of the state.

The determination of the Comptroller is reversed, with $50 costs and disbursements. All concur.