(108 So. 343)

**ELLIS, Treasurer, et al. v. W. A. HANDLEY MFG. CO. (3 Div. 751.)**

(Supreme Court of Alabama. April 8, 1926. Rehearing Dismissed May 13, 1926.)

Taxation ⬦397—Total value of foreign corporation's property employed in state, without deduction of mortgage indebtedness, is proper basis for franchise tax (Const. 1901, §§ 229, 232; Acts 1919, p. 291, § 16); "capital"; "capital stock."

Under Acts 1919, p. 291, § 16, total value of foreign corporation's property employed in state should be taken as basis for franchise tax without deduction of mortgage indebtedness; "capital," on which tax is based by Const. 1901, § 232, pursuant to which act was passed, not being same as "capital stock," on which franchise tax on domestic corporations is based by section 229.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second, Series, Capital; Capital Stock.]

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

Action by the W. A. Handley Manufacturing Company against George W. Ellis, as State Treasurer, and others, as State Tax Commissioners, to recover taxes paid under protest. From a judgment for plaintiff, defendants appeal. Transferred from Court of Appeals under Code 1923, § 7326. Reversed and remanded.

Harwell G. Davis, Atty. Gen., and A. A. Evans, Asst. Atty. Gen., for appellants.

The measure of the franchise tax required of foreign corporations doing business in the state is based upon the amount of capital actually employed in the state, regardless of the proportion it may bear to the corporation's capital stock. Const. 1901, § 232; Acts 1919, p. 291, § 16; L. & N. R. Co. v. State, 201 Ala. 317, 78 So. 93. The mortgagor is the owner of the property mortgaged against all the world except the mortgagee. Turner Coal Co. v. Glover, 101 Ala. 290, 13 So. 478; Comer v. Sheehan, 74 Ala. 457; Allen v. Kellam, 69 Ala. 443. Such property constitutes a part of the measure of value for franchise tax. L. & N. R. Co. v. State, supra.

Weil, Stakely & Vardaman, of Montgomery, for appellee.

For purposes of the tax only, the interest of the corporation should be estimated, and not the entire value. State v. Seals Piano Co., 209 Ala. 93, 95 So. 451; 26 R. C. L. 177; 37 Cyc. 861; People v. Barker, 147 N. Y. 31, 41 N. E. 435, 29 L. R. A. 393. "Capital" and "capital stock" are used interchangeably. 9 C. J. 1278; People v. Morgan, 178 N. Y. 433, 70 N. E. 967, 67 L. R. A. 960; People v. Coleman, 126 N. Y. 433, 27 N. E. 818, 12 L. R. A. 762; People v. Wemple, 150 N. Y. 46, 44 N. E. 787.

ANDERSON, C. J. This case was tried upon an agreed statement of facts, and the only point made by the appellee against the assessment is that, in ascertaining the actual amount of property employed in. this state, the total value of the lands, machinery and buildings should not be considered as a basis. In other words, that there is an existing mortgage indebtedness on the plant and the amount of same should be deducted from the

value of the plant. The Act of 1919, § 16, p. 291, was passed pursuant to section 232 of the Constitution of 1901, dealing with foreign corporations, and which authorizes a franchise tax "based on the actual amount of capital employed in this state." These provisions were considered in the recent case of L. & N. R. R. v. State, 201 Ala. 317, 78 So. 93, and, while the point here involved was not expressly decided, it was indicated that, in estimating the value of capital employed in this state, it need not be proportionate to the entire capital or capital stock, and, quoting from the United States Supreme. Court as to the Arkansas law, it was intimated that, while the tax was a franchise one, and not a direct or property tax, the "ascertaining of the amount is made dependent in fact on the value of its property situated within the state, the exaction therefore not being susceptible of exceeding the sum which might be leviable thereon." Now in ascertaining the sum that might be leviable on the property listed and employed in the business of this appellee, we know of no law providing for or authorizing a deduction for incumbrances. In other words, the value of the plant, regardless of the mortgage on same, should be assessed for purposes of direct taxation, and, while this is a franchise and not a direct tax, the value fixed on the property employed can, and should be, taken as a basis for fixing the franchise tax.

Our law does not say capital owned or invested, but "capital employed," and it is admitted that the plant is employed in the business of the corporation. Moreover notwithstanding the mortgage, this appellee is the owner of the plant as against everyone except the mortgagee. Turner Co. v. Glover, 101 Ala. 290, 13 So. 478.

We have carefully examined the authorities cited by counsel for the appellee, also Cooley on Taxation, § 919, not cited, and find that none of the states have provisions like ours on this subject. For instance, the law of New York, which furnishes nearly all of the cases cited 'in Ruling Case Law, Cyc., and by Mr. Cooley, to the effect that in ascertaining the property employed or capital invested a deduction should be made, is unlike ours. It provides that the franchise tax is imposed on capital stock employed during the preceding year, and it is also provided that the "measure of the amount of capital stock employed in this state shall be such a portion of the issued capital stock as the gross assets employed in any business in this state bear to gross assets wherever employed in business." Cooley on Taxation, § 919.

We are, of course, aware, of the fact that in some instances "capital" and "capital stock" are used interchangeably, but such cannot be the case here, as section 229 of the Constitution, in dealing with domestic corporations, expressly bases the franchise

tax on the "capital stock," while section 232 bases the franchise tax on foreign corporations on the "actual amount of capital employed in this state."

The trial court erred in deducting the amount of the mortgage debt from the value of the plant, and the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.