141 So. 541

**STATE v. NATIONAL CASH CREDIT ASS'N.**

3 Div. 988.

Supreme Court of Alabama.
March 31, 1932.

Rehearing Denied May 19, 1932.

630

Wilkinson & Burton and Hollis O. Black, all of Birmingham, for appellee.

Thos. E. Knight, Jr., Atty. Gen., and Frontis H. Moore, Asst. Atty. Gen., for the State.

**BOULDIN, J.**

This cause involves the liability of National Cash Credit Association, a foreign corporation, for certain franchise taxes.

Having qualified to do business in Alabama, appellee filed its tax returns, including returns for franchise tax purposes, as of December 31, 1929, as required by law, showing the following:

"12. Accounts and notes receivable due by residents (corporations or individuals) of Alabama $630,112.16. * * *."

"15. Book value of capital stock owned in corporations organized under the laws of Alabama $263,319.72."

The state tax commission, thereupon, by regular order, found the capital employed by the corporation in the state of Alabama to be the sum of $893,431.88, being the aggregate of items 12 and 15 above, and assessed the franchise tax thereon at the statutory rate of $2 per thousand upon the capital actually employed in this state.

An appeal was taken in statutory manner to the circuit court of Montgomery county. That court held the corporation not liable for such franchise tax, nor any portion of same, and the state appeals.

A preliminary question going to the jurisdiction of the circuit court is raised by appellant. The cause was styled on the docket of the circuit court: "National Cash Credit Association vs. State Tax Commission." The party defendant should have been "The State of Alabama." Gen. Acts 1927, p. 181, § 66.

But the official representatives of the state appeared, the cause proceeded without objection to a hearing and judgment. Thereupon the state moved to vacate the judgment for want of a proper party defendant. This motion being granted, the taxpayer moved to correct the style of the cause by substituting "The State of Alabama" for "State Tax Commission" on the docket. This motion was granted over objections of the state, and a judgment thereupon rendered between the appropriate parties.

The appeal was duly taken as per statute, vesting the court with jurisdiction of the subject-matter. The parties appeared and proceeded upon the merits. The style of the case on the docket was subject to correction from the record itself. There was no error in this regard.

The cause was heard and comes here on an agreed statement of facts.

Appellee, National Cash Credit Association, is a Delaware corporation, with principal place of business at 40 Journal Square, Jersey City, N. J.

"The sum of $630,112.16 mentioned in Item No. 12 was loaned by the Plaintiff to the following Alabama coporations in the following amounts, viz.:

National Cash Credit Corporation ........................ $551,002.73
Alabama Cash Credit Corporation ........................ 79,104.43

Total .................... $630,112.16."

"Item No. 15 of complainant's Franchise Tax Return specifying 'book value of shares of capital stock owned in corporations organized under the laws of Alabama $263,319.72' represents value of stock owned in such corporations, as follows:

Alabama Cash Credit Corporation ........................ $210,212.00
National Cash Credit Corporation ........................ 53,201.72

$263,319.72."

Dealing first with stock owned by appellee in the two Alabama corporations above named, the inquiry is whether investments in such stock is capital employed in this state within the meaning of our franchise tax law.

While not expressly stated in the agreed facts, the detailed information therein discloses these Alabama corporations may be aptly called subsidiaries of appellee corporation. Still, they have existence as distinct legal entities, duly recognized and authorized to function as such under Alabama charters.

That they have capital stock owned by stockholders is recognized in this proceeding seeking to impose a franchise tax because of appellee's investments in such stock.

Each of these Alabama corporations has duly made returns and paid its franchise tax as fixed by the state tax commission.

Franchise taxes are dealt with by the Constitution of Alabama. As to domestic corporations the provision is: "The legislature shall, by general law, provide for the payment to the state of Alabama of a franchise tax by corporations organized under the laws

of this state, which shall be in proportion to the amount of capital stock." Section 229, Constitution.

As to foreign corporations, who must first qualify to do business in this state, the provision is: "The legislature shall, by general law, provide for the payment to the State of Alabama of a franchise tax by such corporation, but such franchise tax shall be based on the actual amount of capital employed in this state." Section 232, Constitution.

These two provisions of the Constitution and statutes aimed to carry them into effect were dealt with by the full court in Louisville & N. R. Co. v. State, 201 Ala. 317, 78 So. 93.

The constitutionality of the statutes, and in effect the State Constitution, was assailed as arbitrary and discriminatory against foreign corporations in the matter of franchise taxes. The decision is directed to sustaining the substantial uniformity in the burden thus imposed, the domestic corporation being required to pay on its full capital stock, and the foreign corporation on the capital actually employed in this state.

In construing a related statute, we have said: "These words ('capital actually employed') were used in subsection (d), section 5, of the statute, supra, in their natural and ordinary signification and in the generally accepted sense. They have application to all of the properties and moneys set apart from other uses and invested or employed in the operation of the business with a view to income or profit therefrom. Bailey v. Clark, 21 Wall. (88 U. S.) 284, 22 L. Ed. 651; Terre Haute & I. R. Co. v. State, 159 Ind. 438, 65 N. E. 401, 404, 408." State v. Burchfield Bros., 211 Ala. 32, 99 So. 198, 200.

Again we have declared: "Our law does not say capital owned or invested, but 'capital employed,' and it is admitted that the plant is employed in the business of the corporation." Ellis, Treas. v. W. A. Handley Mfg. Co., 214 Ala. 540, 108 So. 343.

It is conceded that mere investment in or ownership of property interests in Alabama by a foreign corporation does not subject it to a franchise tax. Such property must be employed in a corporate business done in this state.

The statute, in keeping with this principle, declares: "Every corporation organized under the laws of any other state, nation, or territory, *and doing business in this State* * * * shall pay annually to the State an annual franchise tax of Two Dollars ($2.00) on each One Thousand Dollars of the *actual amount of capital employed in this State.*" (Italics supplied.) Gen. Acts 1927, p. 176, § 54.

The agreed statement of facts shows appellee qualified to do business in Alabama only "to hold stock in Alabama corporations."

Under our statutes a foreign corporation is required to qualify to do business in Alabama as a condition precedent to acquiring stock in domestic corporations by subscription or purchase. Code, § 7206. We are not concerned with the validity of this provision.

It may be suggested that such statute recognizes the acquirement of stock in a domestic corporation as doing business in Alabama subjecting such foreign corporation to a franchise tax.

Qualifying to do business under our Constitution and laws is primarily for the purpose of bringing the foreign corporation within the jurisdiction of our courts. A stockholder in a domestic corporation may be subject to many proceedings or liabilities other than a franchise tax for which occasion may arise to get personal service on the corporation.

The great principle of equality and uniformity in taxation, avoidance of double taxation, as manifest in the Constitution and statutes, we think, furnishes the controlling reason opposed to the state's contention.

The franchise tax paid by the domestic corporation covers the same capital stock now sought to furnish the basis for a franchise tax against the stockholder also.

True, it is said the domestic franchise tax is for the privilege of corporate existence: but corporate existence is for the purposes of its creation; and the one franchise tax covers all the business it may do by virtue of its Alabama franchise. The stockholder, whether an individual or a foreign corporation, bears a portion of this domestic franchise tax. To impose another like franchise tax on the corporate stockholder because of its investment in such stock is discriminatory.

Whether this could be done as a condition to holding stock in domestic corporations we are not considering. What we hold is the policy and spirit of our laws do not so provide.

Touching accounts and notes receivable as above shown, the larger item on which the tax commission assessed a franchise tax, the agreed statement of facts discloses that Alabama Cash Credit Corporation, one of the Alabama corporations, has an office immediately associated with that of appellee in Jersey City; that the entire business of negotiating, concluding, and paying off such loans is conducted in those associated offices. A regular application is formally made, formally approved, and the check for the sum given on a New Jersey bank. The fund is the property of the Alabama corporation

when it reaches Alabama, and is employed here by the Alabama corporation through its Birmingham office in the conduct of its business. We gather from the briefs this is a small loan business conducted in several cities of Alabama.

■ There is no question that bills receivable, given by borrowers from a foreign corporation conducting a loan business in Alabama, constitute capital employed in business in this state within our franchise tax laws.

■ But such is not the case before us. An Alabama corporation duly authorized to maintain an office and conduct this branch of its business wholly in another state and with a foreign corporation there doing such business is not doing business in Alabama by such foreign corporation.

The domestic corporation is, in the exercise of its Alabama franchise in a foreign state, a business covered by its own franchise tax so far as Alabama is concerned. American Building & Loan, etc., Ass'n v. Haley, 132 Ala. 135, 31 So. 88; Electric Lighting Co. of Mobile v. Rust, 117 Ala. 680, 23 So. 751; Collier & Pinckard v. Davis Bros., 94 Ala. 456, 10 So. 86.

■ Touching the loans made by appellee to National Cash Credit Corporation, an Alabama corporation, having its principal place of business at same street number as appellee in Jersey City, it is shown by the agreed statement of facts that such subsidiary corporation transacts no business in Alabama, has no paid employees in this state.

The loans were negotiated in New Jersey, and proceeds employed in the borrower's business wholly outside of Alabama. This item covers more than half the entire assessment.

As before stated, the stock ownership, the common personnel of the directorate, the financing operations, the references in the balance sheet to stock ownership in and advances to subsidiary corporations, warrant the conclusion that the Alabama corporations are subsidiaries of appellee corporation. This fact, in view of the other facts disclosed, does not change the situation.

■ We have no laws nor public policy against subsidiary corporations; indeed some statutes directly contribute to this form of corporate organization.

■ So, when a foreign corporation, not desiring to engage directly in a specific business in this state, but under the laws of this state may and does organize a separate but subsidiary corporation to conduct such business, and such latter corporation, functioning under a corporate franchise granted by this state, conducts such business as a distinct entity, and pays the franchise tax imposed by our laws, the foreign corporation is not engaged in conducting a business in the exercise of its own corporate franchise for which it is liable for a franchise tax. Appeal of Callery, 272 Pa. 255, 116 A. 222; Cannon Mfg. Co. v. Cudahy Packing Co., 267 U. S. 333, 45 S. Ct. 250, 69 L. Ed. 634; Bank of America v. Whitney Central Nat. Bank, 261 U. S. 171, 43 S. Ct. 311, 67 L. Ed. 594; People ex rel. Edison Light & Power Co. v. Kelsey, 101 App. Div. 205, 91 N. Y. S. 709; Procter & Gamble Co. v. Newton (D. C.) 289 F. 1013; People ex rel. Manila Electric, etc., Corp. v. Knapp, 229 N. Y. 502, 128 N. E. 892.

We are not dealing with obligations arising out of the relations between the companies inter se, nor with the public. The foreign corporation is not exercising its franchise here, but a local legal entity recognized by law is acting under its franchise, and paying the one franchise tax due for such business.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.

### On Rehearing.

BOULDIN, J.

■ ■ The opinion does not mean, and, we think, is not fairly susceptible to a construction which would relieve a foreign corporation from a franchise tax because of a temporary shutdown of its plant; nor except from its capital employed in this state property owned but not immediately connected with present operations.

■ We merely hold a franchise tax to be what it purports to be, a tax upon the exercise or use of its franchise in Alabama for the purposes of such franchise; and that, if no corporate activity is conducted in Alabama during the period covered by the tax, the corporation does not owe a franchise tax. In the case at bar the corporate activity in Alabama is by a domestic corporation, which has paid the franchise tax on the very stock sought to be made the basis of another franchise tax because of the ownership of such stock by a foreign corporation.

Application overruled.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.