INVESTORS' SYNDICATE v. STATE.

STATE v. INVESTORS' SYNDICATE.

3 Div. 52.

Supreme Court of Alabama.
June 1, 1933.

Rehearing Denied June 29, 1933.

Smyer, Smyer & Bainbridge, of Birmingham, for appellant.

218

Thos. E. Knight, Jr., Atty. Gen., and Frontis H. Moore, Asst. Atty. Gen., for the State.

BOULDIN, Justice.

The question here presented is: What was the "actual amount of capital employed in this State" by Investors' Syndicate, a foreign corporation, for the purpose of fixing the franchise tax for 1932, pursuant to section 232 of the Constitution of Alabama, as further defined by Acts of 1927, page 176, Section 54?

This court has recently considered and carefully defined "capital employed in this State." Penn Mut. Life Ins. Co. v. State, 223 Ala. 332, 135 So. 346; State v. National Cash Credit Ass'n, 224 Ala. 629, 141 So. 541.

We are not convinced there is any ground for criticism or modification of what was said in the latter decision.

The agreed facts in the instant case appear in full in the report of the case.

We deal with the items in the order stipulated in the agreed facts.

■ Item No. 3. Moneys collected on mortgage loans in Alabama, and deposited in an Alabama bank temporarily for remittance to the home office, moneys stipulated to be in transit to the home office, were not moneys employed in the business in Alabama.

This, for the reason that they were covered by the deduction of the mortgage loans, approved in the Penn Mutual Case, supra.

We do not hold that, if these moneys had represented investments in Alabama constituting a part of the capital employed under the act, they would not be included. If incorporated into the corporate enterprise involving the user of the corporate franchise, it would seem they would be included from the time such capital enters the state until withdrawn therefrom.

■ But being moneys directly derived from mortgage loans excluded from the computation of franchise tax, and in transit to the home office, they are part and parcel of such loan business. They do not acquire a separate status merely because such funds while in transit are deposited in a local bank.

The deduction made by statute would be meaningless if the money loaned on such mortgages be subjected to such tax while in transit to or from the borrower.

Such is the principle declared in Board of Assessors of Parish of Orleans, etc., v. New York Life Ins. Co., 216 U. S. 517, 523, 30 S. Ct. 385, 54 L. Ed. 597.

■ Item 4. Loans on investment certificates to Alabama investors.

While taking the form of a loan, evidenced by interest-bearing note, in essence they were withdrawals by the certificate holders of a part of their cash surrender values; no indebtedness is incurred, but the documents furnish a basis for settlement in closing the account.

We can discern no difference in principle, and none is pointed out, between these loans and policy loans considered in Penn Mut. Life Ins. Co. v. State, 223 Ala. 332, 135 So. 346, par. 4, of the opinion.

We there followed Board of Assessors of Parish of Orleans, etc., v. New York Life Ins. Co., supra, a decision planted on the Fourteenth Amendment of the Federal Constitution.

Such loans cannot be counted as capital employed by Investors' Syndicate in Alabama.

■ Item 5. The book value of real estate purchased by Investors' Syndicate at mortforeclosure sales made by such corporation for the collection of its loans on real estate.

While these holdings represent investments made in the first instance by mortgage loans, on which the recording taxes were paid, and while so invested were not included under the statute in capital employed in Alabama, we conclude a different status must be accorded them when they become capital employed in dealing with lands by foreclosure, purchase, and disposition of same.

■ We fully concur in the view of the Attorney General that the exclusion of mort-

gage loans should be extended no further than the terms of the statute demand.

When we reflect that by such provision the foreign corporation enjoys two privileges, the user of its corporate franchise in the loan business, and also the protection of the recording acts, both for the one recording tax, and that a smaller tax than the franchise tax alone, the justice, if not the validity, of such exclusion is questionable. We sustain it on the ground of a reasonable discretion in the Legislature in defining capital employed in Alabama for franchise tax purposes.

There is a further and different user of the corporate franchise in relation to the real estate in question from that of ordinary collections on mortgage loans which are not in default.

The foreclosure and purchase by the corporation involves the user of its corporate franchise, the possession and user of the lands while owned is another, and their sale as the final corporate act is a third.

That such land now becomes subject to ad valorem taxes as the property of this corporation is not important to this inquiry. The franchise tax is for the privilege of exercising corporate functions, and measured by the capital employed in Alabama.

That some of the real estate is still subject to a statutory right of redemption, a mere privilege of repurchase by certain named redemptioners, does not take such investment without the class of capital employed.

The decree of the trial court is modified by striking out item 4 above as capital employed in Alabama, and as thus modified the decree is affirmed, and a decree will be here rendered against Investors' Syndicate for the corrected amount of franchise tax, namely $2,552.49.

Appellant will be taxed with costs of appeal.

On cross-appeal, the decree is affirmed.

Modified and affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.