165 So. 838

## WISCONSIN COOSA CO. v. STATE.

### 3 Div. 150.

Supreme Court of Alabama.

Jan. 16, 1936.

Rehearing Denied March 5, 1936.

544

Henry A. Teel, of Rockford, for appellant.

A. A. Carmichael, Atty. Gen., and Walter J. Knabe, Asst. Atty. Gen., for the State.

ANDERSON, Chief Justice.

The sole question involved in this appeal is whether or not the appellant foreign corporation is liable for a franchise tax for the year 1935 under Gen.Acts 1927, p. 176, § 54, providing a franchise tax upon all foreign corporations doing business in this state based upon the amount of capital employed pursuant to section 232 of the Constitution of 1901.

It is to be conceded that the mere ownership of property by a foreign corporation or the mere leasing of same as an incident to the doing of business is not in and of itself such an act as to render it liable for a franchise tax. Friedlander Bros. v. Deal, 218 Ala. 245, 118 So. 508. Nor does the mere collection of interest and leaving it temporarily on deposit in Alabama constitute the doing of business so as to render the corporation liable for a franchise tax. Investors' Syndicate v. State, 227 Ala. 216, 149 So. 83.

It is essential, of course, that the corporation should engage in such business or a part thereof as authorized by its charter; that is, exercise some of its charter powers or functions. Friedlander v. Deal, supra.

It appears from the record in this case that the appellant, Wisconsin Company, was organized and chartered for the purpose. of purchasing the property of a corporation then in liquidation, the lands and properties situated in Alabama, and to enter upon a lease with the Ralph Lumber Company, an Alabama corporation, for the purpose of cutting and manufacturing the timber on said lands for the purpose of liquidating said property. This seems to have been not only the main but the sole purpose for which the Wisconsin Corporation was organized. Under the terms of the lease, the appellant corporation was acquiring its compensation from said Ralph Lumber Company based on a percentage basis, to wit, 25 per cent., and under certain conditions therein stated 30 per cent., of the proceeds of the lumber and forest products to be removed from the said land. As we understand, this does not involve a mere ownership of property and the renting of same, but the cutting and removing of the timber growth upon a percentage basis, and the fact that the .Ralph Company may be designated as a lessee instead of agent does not deprive the transaction of the exer-

cise of a charter power and the doing of business in this state. Our holding is supported by the well-considered case of People of New York ex rel. Vandervoort Realty Co. v. Glynn, 194 N.Y. 387, 87 N.E. 434.

Ordinarily a corporation, of course, does business through an agent; but we think that, notwithstanding this appellant and the Ralph Lumber Company may be regarded as lessor and lessee, the agreement between them involves an exercise of the charter powers of the appellant corporation.

This record does not present a case wherein a foreign corporation organized a subsidiary Alabama corporation which said last corporation had paid the franchise tax so as to bring it within the influence of the case of State v. National Cash Credit Association, 224 Ala. 629, 141 So. 541.

The decree of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.