171 So.2d 121

**STATE of Alabama**

v.

**CITY STORES COMPANY.**

3 Div. 158.

Supreme Court of Alabama.

Jan. 21, 1965.

Leader, Tenenbaum, Perrine & Swedlaw, Birmingham, for appellee.

Richmond M. Flowers, Atty. Gen., Willard W. Livingston and Jas. R. Payne, Asst. Attys. Gen., for appellant.

MERRILL, Justice.

The State Department of Revenue made final an assessment of foreign franchise tax against Diversified Stores Corporation, a New York corporation, for the franchise tax year 1960. Diversified was merged with City Stores Company and City Stores appealed the assessment under Tit. 51, § 140, Code 1940. The trial court set aside the assessment and the State of Alabama appeals.

The cause was submitted to the circuit court on an agreed Stipulation of Facts and the question presented here is whether the facts show that Diversified Stores Corporation was engaged in the transaction of business in Alabama within the meaning of Sec. 232 of our Constitution and the pertinent statutes.

The Stipulation of Facts is rather lengthy and involved, but a concise outline follows. In 1956, Hearn Department Stores, Inc., a New York corporation, acquired control of City Specialty Stores, later changed to Diversified Stores Corporation, which operated store units in twelve states (none in Alabama). Following a series of mergers, the business became known in 1960 as City Stores Company, the appellee here.

In 1959, Diversified, in an exchange of stock transaction, acquired the assets of Loveman, Joseph & Loeb, an Alabama corporation and a wholly owned subsidiary of City Stores. The assets consisted solely of real estate used exclusively in connection with the operation of Loveman, Joseph & Loeb, a department store. Diversified qualified to do business in Alabama on January 9, 1959, and as of January 30, 1959, Diversified was merged with City Stores. The time involved is that between January 9 and January 30, 1959.

The tax year involved is 1960. The assets in Alabama were owned twenty days in that fiscal year by Diversified. The gross rental received for that twenty days from Alabama real estate was $24,371, with net income after taxes, mortgage interest and depreciation of $7,965.

For the year 1961, City Stores paid franchise tax on capital employed in Alabama, which included the Alabama real estate here involved. Diversified never owned or operated a store in Alabama. Its only activity in this state was the ownership of the Birmingham real estate for a short period of time.

The State contends that the assessment was valid because (1) the acquisition of the real estate in Alabama was a substantial part of Diversified's over-all business activities, and (2) Diversified's Certificate of Incorporation filed in Alabama showed that among its purposes were:

"To buy, sell, purchase or otherwise acquire, manage, improve, develop, assign, transfer, convey, lease, sub-lease, pledge or otherwise alienate or dispose of, and to mortgage or otherwise encumber lands, buildings, real and personal and wheresoever situate, and any and all legal and equitable rights therein."

The State argues that this contention is strengthened by the fact that Diversified's assessment showed that the kind of business conducted in Alabama was "own and operate real estate," and the kind of business conducted generally was "own and operate directly and indirectly real estate and retail stores."

The taxpayer answers these contentions with the argument that the acquisition of real estate is merely incidental to its main business of operating stores, and that the quoted purpose represents a common practice of including in Certificates of Incorporation the power to buy, sell and lease real estate; and that this is an incidental power granted to all corporations by the general corporation laws of most states, and particularly the State of New York, in which Diversified was incorporated. Also, the facts show that for the fiscal year ending 31 January, 1959, Diversified had an approximate gross income from department store sales of sixty million dollars as against gross rentals in all states of $163,000.

Relative to its assessment, the taxpayer says that it included within its assessment a claim of exemption in the following language:

"The only activity of this corporation in Alabama is the ownership of real estate. The taxpayer claims exemption from payment of franchise tax on grounds that mere investment or ownership of property interests in Alabama does not constitute the employment of

capital and therefore does not subject a foreign corporation to Alabama franchise tax.—State v. National Cash Credit Association [224 Ala. 629], 141 So. 541."

■ The mere investment in or ownership of property interests in Alabama by a foreign corporation does not subject it to a franchise tax. State v. National Cash Credit Ass'n, 224 Ala. 629, 141 So. 541; Wisconsin Coosa Co. v. State, 231 Ala. 543, 165 So. 838; State v. Aluminum Ore Co., 263 Ala. 422, 82 So.2d 800.

■ The franchise tax of foreign corporations is based upon the actual capital employed in this state, and not on capital owned or invested. Sec. 232, Constitution of 1901; Ellis v. W. A. Handley Mfg. Co., 214 Ala. 539, 108 So. 343.

We have held that the franchise tax does not apply to acts done by a foreign corporation within this state which are merely incidental to the exercise of the ordinary corporate business. Friedlander Bros. v. Deal, 218 Ala. 245, 118 So. 508; State v. Anniston Rolling Mills, 125 Ala. 121, 27 So. 921.

■ And though Tit. 51, § 348, Code 1940, as amended in 1955, provides that the qualifying of a foreign corporation to do business in this state is a presumption that it is doing business here, that presumption is rebuttable. State v. Plantation Pipe Line Co., 265 Ala. 69, 89 So.2d 549.

Specific examples from some of our cases follow. In State v. Anniston Rolling Mills, 125 Ala. 121, 27 So. 921, this court held that a corporation organized for the purpose of buying, manufacturing and sale of iron and manufactured iron products was not doing business as a corporation in this state although it leased its plant, collected the rent and lent some of it at interest, paid taxes, held directors' meetings and did other acts of corporate concern intended mainly for the protection of its property, all within the State of Alabama. The reason given was that none of these things "constituted a doing of the business, or any part of the business, for which it was created, and were mere incidents for the preservation of its property."

In Wisconsin Coosa Co. v. State, 231 Ala. 543, 165 So. 838, it was said that mere leasing of property by a foreign corporation "as an incident to the doing of business is not in and of itself such an act as to render it liable for a franchise tax." And the mere collection of interest and leaving it temporarily on deposit in Alabama does not constitute the doing of business so as to render a foreign corporation liable for a franchise tax. Investors' Syndicate v. State, 227 Ala. 216, 149 So. 83.

The distinction between the entrance fee charged corporations when qualifying to do business in Alabama, and the franchise tax is made in International Paper Co. v. Curry, 243 Ala. 228, 9 So.2d 8. The entrance fee is required whether or not any capital is employed in Alabama, but "there can be no franchise tax unless capital is employed."

■ Here, as we view the evidence, we have Diversified acquiring the ownership for a short time, of Alabama real estate, subject to net leases, through a merger of corporations. Taxes on this same real estate had been paid by the domestic corporation that had owned it, and was assessed for taxation by City Stores, the corporation with which Diversified was merged a few days after it became the owner of the property. We think the act of managing and collecting rent for this short period of time was merely incidental to business of operating department stores in which both Diversified and City Stores were engaged. We cannot agree that this act constituted the employment of capital in Alabama, and the trial court did not err in setting aside the assessment for franchise tax. A like result was reached on similar facts in United States Rubber Co. v. Query, D.C., 19 F. Supp. 191.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.