190 So.2d 698

**STATE of Alabama**

v.

**ALUMINUM COMPANY OF AMERICA.**

**I Div. 179, 179–A and 179–B.**

Supreme Court of Alabama.

Oct. 6, 1966.

Richmond M. Flowers, Atty. Gen., Willard W. Livingston and Wm. H. Burton, Asst. Attys. Gen., for appellant.

Gessner T. McCorvey, Jeptha Hill and McCorvey, Turner, Johnstone, Adams & May, Mobile, for appellee.

LIVINGSTON, Chief Justice.

These are appeals taken by the State of Alabama from a final decree of the Circuit Court of Mobile County, Alabama, in Equity, setting aside and declaring to be erroneous and excessive to the extent of $13,609.70 in each instance, three final assessments of Alabama foreign corporation franchise tax.

Pursuant to Title 51, Sec. 348, Code of Alabama 1940, the State Department of Revenue made three final assessments of franchise tax against the appellee for the years 1960, 1961, and 1962, respectively, which were duly appealed by the appellee to the lower court, in equity, under the provisions of Title 51, Sec. 140, Code of Alabama 1940. These three cases were consolidated by order of the lower court for the purpose of trial and disposition thereof. They have been also by stipulation consolidated on appeal to this court for the purpose of submitting them here on one record and on one set of briefs applicable to all.

The appellee, Aluminum Company of America, is engaged primarily in the business of making aluminum and related products by using bauxite ore as the principal raw material. It is a foreign corporation duly qualified to do business in Alabama, with its principal office in Pittsburgh, Pennsylvania. It has, among other plants

and places of business located in this country, a permanent place of business in the City of Mobile where it processes raw bauxite ore and converts such ore into alumina as a part of the manufacturing process of making aluminum.

In the years 1948 to 1951, inclusive, the appellee imported from Dutch Guiana to to Mobile some 373,236 tons of bauxite ore. Upon the trial of this cause, a stipulation of certain facts concerning this ore was filed by the parties which included the following: "That said ore was deposited by the company as it was received by ship from time to time during said years in bulk at the out-of-doors location approximately seven miles from the company's plant in Mobile County; that since being so deposited, none of said ore has been removed from said location nor has it been mixed or commingled with any other ore, or been sold, graded or otherwise similarly acted upon."

The bill of complaint filed by appellee in the lower court alleged, inter alia, the following: That this bauxite ore has not been used as a supply of raw materials; that it has not been used or employed in any manner or for any purpose; that this quantity of bauxite ore is the only one so owned by appellee now or at any other time, and at any other place; and appellee is not now and has never been engaged in the business of storing bauxite ore. Appellee's witnesses substantiated these allegations. The state produced no evidence to the contrary.

The main issue in the case is whether the subject bauxite ore was "employed in this state" during the tax years involved as that term is used in the following portion of the franchise tax statute:

"Every corporation organized under the laws of any other state, nation or territory and doing business in this state * * * an annual franchise tax of two and one-half dollars ($2.50) on each one thousand dollars ($1,000.00) of the actual amount of capital employed in this state * * *." Code of Alabama 1940, Title 51, Section 348.

The State of Alabama, appellant, urges that the subject ore is "employed" in Alabama and asseverates as defenses the doctrines of res judicata and, alternatively, stare decisis, based on the 1955 case of State of Alabama v. Aluminum Ore Co. et al., 263 Ala. 422, 82 So.2d 800.

On the res judicata defense, appellant's answer to the bill was as follows:

"And in further answer to the Bill of Complaint, appellee [Appellant herein] avers that the doctrine of res adjudicata would apply in that the case of State v. Aluminum Ore Company [263 Ala. 422], 82 So.2d 800, the Supreme Court decided adversely to the Appellant's [Appellee herein] contentions to practically the same questions involved and the same issues and wherein practically the same parties were involved, the same facts, and the same principles of law; hence, this cause already stands decided."

The answer was completely unsupported by any evidence; however, we resolve the matter against the state directly on the degree of difference between the 1955 case and the instant case.

The sole issue ruled on in the former decision was that of whether the facts as alleged in the bill of complaint then before the court were sufficient when tested by demurrer to overcome the presumption in favor of the correctness of the assessment. More specifically, the question was whether the allegations in that bill were sufficient against demurrer to state that the property in question was not part of the taxpayer's "actual amount of capital employed in this state." Being a ruling on demurrer, the pleading was construed most strongly against the pleader, and every factual aspect left susceptible to more than one interpretation was presumed in favor of the state. In rendering its decision, this court, through Mr. Justice Merrill, said:

"In view of the uncertain, indefinite and equivocal allegations concerning the employment of the bauxite ore, we are constrained to hold that they do not 'meet and overcome the prima facie statutory presumption of the legality and correctness of the assessments' and, therefore, the circuit court erred in overruling the demurrer."

■ ■  The significant differences between the pleadings in that case and those now under consideration are those stating the facts regarding employment vel non, of the bauxite ore, and the instant pleadings cannot, we feel, be said to be "uncertain, indefinite and equivocal" about this. Rather than failing to allege pertinent facts with certainty, which failure would require a presumption against the pleader (that the property was "employed"), the bill of complaint here sets out, inter alia, the following facts: That this bauxite ore has not been used as a supply of raw materials; that it has not been used or employed in any manner or for any purpose; that this quantity of bauxite ore is the only one so owned by appellee now or at any other time, and at any other place; that appellee is not now and has never been engaged in the business of storing bauxite ore; that said bauxite ore does not have and has never had any connection with appellee's plant or operations in Mobile or elsewhere in Alabama; that the ore is not included in the cost accounting of appellee's operations in Mobile or Alabama, and it is not carried on appellee's books as in-process inventory.

The foregoing are some, but not all, of the allegations found in the latter pleadings and not in the former one, and which make it obvious to us that the sufficiency of the latter bill cannot be decided under the doctrine of res judicata by reference to the ruling on a demurrer to the former bill.

■  As for the application of the doctrine of stare decisis, suffice it to say that the considerations cited above regarding res judicata are equally apropos in distinguishing the instant cases from the earlier one.

■ ■  Finally, are these 373,236 tons of bauxite ore within the ambit of the statutory phrase "capital employed in this state"? We think not, for the physical history of this ore as described in the bill of complaint and fully substantiated in all aspects by the evidence at the trial, compels the conclusion that here is an instance of mere investment in property or ownership thereof. Of course, under our decided cases, no foreign corporation franchise tax is collectable under these circumstances. See: State v. National Cash Credit Ass'n, 224 Ala. 629, 141 So. 541; State v. Aluminum Ore Co., supra; State v. City Stores Company, 277 Ala. 412, 171 So.2d 121.

The state cites many times in its brief the case of State v. Aluminum Ore Co., 263 Ala. 422, 82 So.2d 800, 803, and relies heavily on the following statement from the 1955 opinion:

"* * * On the contrary, where, as here, capital is in the form of raw material transported into and stored in this state, the employment consists in the continuous use thereof in maintaining a supply of raw material. * * *"

That language is not controlling here. First, it must be remembered that the court was only reviewing the ruling on a demurrer to a bill quite different from the one at bar, and it found the allegations concerning employment of the bauxite ore "uncertain, indefinite and equivocal." Furthermore, that brief language was based strictly on surmise and presumption—on what the pleading left unsaid, rather than what it alleged, or any evidence before the court. Here, not only the averments of the bill of complaint, but also the undisputed testimony established that this ore was not maintained as a store or stockpile of raw materials. While the evidence does not affirmatively show what the purpose was in its importation, it expressly negatives that the purpose, or subsequent use,

was to maintain a supply of raw material for the aluminum manufacturing business. We hold that this ore was not "employed."

The state mentions in its brief that since the trial of these causes, appellee has commenced drawing from the 373,236 tons for use in its manufacturing and processing activities. We do not consider this as pertinent to this case, but we are not to be understood as holding that the subject property is not subject to a franchise tax if the ore has been in fact employed.

There are other points raised by appellee in defense of the Chancellor's decree below, but we see no necessity for a discussion here.

The decree is free from error and due to be affirmed.

Affirmed.

SIMPSON, MERRILL and HARWOOD, JJ., concur.