288 So.2d 145

**OMEGA MINERALS, INC.**

v.

**STATE of Alabama.**

**Civ. 200.**

Court of Civil Appeals of Alabama.

Dec. 19, 1973.

William J. Baxley, Atty. Gen., Willard W. Livingston, Counsel, Dept. of Revenue and Asst. Atty. Gen., Herbert I. Burson, Jr., Asst. Counsel, Dept. of Revenue and Asst. Atty. Gen., for the State.

S. P. Keith, Jr., Birmingham, for appellant.

BRADLEY, Judge.

The Alabama Department of Revenue made final franchise tax assessments against Omega Minerals, Inc. for the tax years 1970–1971 in the amounts of $866.67 and $1,293.00 respectively. From these final assessments Omega Minerals, Inc. appealed to the Circuit Court of Jefferson County, in Equity. After a hearing, the trial court affirmed the assessments made by the Revenue Department. From this final decree, Omega Minerals, Inc. appealed to this court.

The sole issue before this court is whether or not Omega Minerals, Inc., a foreign corporation, was doing business in Alabama during the years 1970 and 1971 so as to subject it to the state's franchise tax law, i. e., Title 51, Section 348, Code of Alabama 1940, as Recompiled 1958.

■ The appellant was and is qualified to do business in Alabama and such qualification raises the presumption, under the franchise tax law, that it is in fact doing business in Alabama. Title 51, Section 348, *supra*. However, such presumption is rebuttable. State v. Plantation Pipe Line Co., 265 Ala. 69, 89 So.2d 549.

Appellant argues that it has rebutted the presumption by showing that it has not employed any capital in Alabama, nor has it done any business in Alabama so as to authorize the imposition of the franchise tax assessments. It admits that it owns property in Alabama but says that mere ownership of property does not subject a foreign corporation to the tax.

The appellee counters by saying that the ownership of land in the instant situation does amount to doing business in Alabama within the meaning of the franchise tax law.

It appears from the record that in 1969 the appellant, a Delaware corporation authorized to do business in Alabama, was the leaseholder of the mineral rights in several thousands of acres of land in Clay County, Alabama. During that year forty tons of earth were taken from the land and shipped to Colorado for analysis. In 1970 appellant merged with two Alabama corporations which owned the Clay County property General Graphite Company and Alabama Flake Graphite Company. As a result appellant became the fee-simple owner of forty acres of land and the mineral rights in 2,175.5 acres in Clay County, Alabama.

The undisputed testimony was that no mining operation has been conducted on this property at any time except the forty tons of earth shipped to Colorado in 1969. The president of Omega Minerals, Inc. testified that the only activity of the corporation in Alabama has been the ownership of the land and rights just described. He stated there have been promotional efforts made on behalf of the corporation to raise needed capital, but that this has occurred outside the State of Alabama. He further testified that the primary purpose of the corporation was to exploit mineral and natural resources.

The state contends, under the appellant's certificate of incorporation, that by owning this property the appellant was fulfilling its corporate purpose.

The certificate of incorporation provides that Omega has the corporate authority for:

"Recovering natural resources, mining, oil and gas development, graphite, timber, owning stock in other corporations and development of natural resources.

"To purchase, take, own, hold, deal in, mortgage or otherwise lien and to lease, sell, exchange, convey, transfer or in any manner whatever dispose of real property within or without the State of Delaware."

However, this argument is of no moment, for the testimony is undisputed that the business of Omega was the exploitation of minerals.

■ Alabama franchise tax charged against foreign corporations is computed on the basis of the amount of capital em-

ployed within the state. Title 51, Section 348, *supra*; Hollingsworth & Whitney Co. v. State, 241 Ala. 96, 1 So.2d 387. It is also stated in Hollingsworth & Whitney Co., that the employment of capital is not the same as ownership of property.

In the case at bar the only operation of Omega in Alabama is the ownership of land and mineral rights.

In State v. Aluminum Co. of America, 280 Ala. 144, 190 So.2d 698, the Supreme Court had before it a question as to whether or not several hundred thousands of tons of bauxite ore stockpiled in Mobile County by the Aluminum Company of America at a site separate and apart from its processing operation, none of which had been removed, mixed or commingled with any other ore or sold or otherwise acted upon, was to be considered as "capital employed in this state." It decided that such an asset was merely the investment in and ownership of property and no franchise tax was collectible for this ownership.

Again the question of whether franchise tax was due based on capital employed in the state was presented to the Supreme Court in State v. City Stores Co., 277 Ala. 412, 171 So.2d 121. The pertinent facts were that City Stores was a foreign corporation authorized to do business in Alabama with its primary purpose being the operation of department stores. The assets of City Stores consisted of real estate used exclusively in connection with the operation of Loveman, Joseph & Loeb, a department store. This property was owned for less than a month, but during that time rents were collected on it. The state's contention was that franchise tax was due because the certificate of incorporation authorized the buying, selling or otherwise acquiring, holding and disposing of real estate and that the acquisition of real estate was a large part of the taxpayer's business activities. The taxpayer countered by saying that the acquisition of real estate is merely incidental to the business of operating department stores.

After stating that the mere ownership of property in Alabama does not subject a foreign corporation to franchise tax, the Supreme Court said the act of collecting the rent for a short period of time was incidental to the business of operating department stores and did not amount to an employment of capital in Alabama so as to warrant the imposition of franchise taxes.

Similarly, in the case at bar, we consider the ownership of the mineral rights and surface rights to land in Alabama to be merely incidental to Omega's primary purpose of exploring for minerals and other natural resources. Consequently the ownership of this land and mineral rights did not amount to an employment of capital in Alabama such as to authorize the assessment of franchise taxes.

This case is reversed and remanded to the trial court for the purpose of ascertaining the amount of money to be refunded to appellant and entering an order requiring of the appellee the payment of the sum found to be due.

Reversed and remanded with directions.

WRIGHT, P. J., and HOLMES, J., concur.